First Appellate Department, November, 1903. Reported. 87 App. Div. 631.

Patrick W. Cullinan, as State Commissioner of Excise of the State of New York, Respondent, *v.* Howard Kemble, Defendant, and The Fidelity and Casualty Company of New York, Appellant.

*Nadal & Carrere,* for appellant.

A liquor tax certificate is personal property. (*Niles* v. *Mathusa,* 20 App. Div. 483, affd. 162 N. Y. 546; *People ex rel. Miller* v. *Lyman,* 27 App. Div. 527, affd. 156 N. Y. 407; *Matter of Lyman,* 53 App. Div. 330; *McNeeley* v. *Welz,* 166 N. Y. 124.) The statute under which bond was given will not be construed so as to enlarge the obligation of the surety. (*Wood* v. *Fisk,* 63 N. Y. 245; *Lang* v. *Pike,* 27 O. St. 497; *Ward* v. *Stahl,* 81 N. Y. 406; *Nat. Mech. Banking Assn.* v. *Conkling,* 90 N. Y. 116; *Lyman* v. *Schermerhorn,* 167 N. Y. 113; *Lyman* v. *Kane,* 57 App. Div. 549; *Waldron* v. *Fargo,* 170 N. Y. 130.) The bond applied to the busi-

ness of selling liquors only as conducted by Kemble. (*Matter of Lyman v. Texter*, 59 App. Div. 217; *Lyman v. Cheever*, 168 N.Y. 42; *Lyman v. Kane, supra; Lyman v. Shenandoah Club*, 39 App. Div. 459.) Kemble cannot be said to have " suffered or permitted " the violations. (*Cullinan v. Parker* distinguished *Gregory v. U. S.*, 17 Blatch. 325)

The defendant Kemble had the right to, under section 27, and did sell his liquor tax certificate, also his business, stock, fixtures and the premises, to another party, and had nothing to do with the place when the violations occurred.

The Liquor Tax Law imposes no obligation on a certificate holder who sells his certificate to see that the assignee files a new application and bond, nor does it furnish such certificate holder means to compel such assignee to do so.

*Herbert H. Kellogg,* for respondent.

Judgment should be affirmed on authority of *Cullinan v. Parker* (84 App. Div. 296).

Judgment and order affirmed, with costs, on the authority of *Cullinan v. Fidelity and Casualty Company* (Parker Certificate), (84 App. Div. 296).

---

First Appellate Department, November, 1903. Reported. 87 App. Div. 631.